UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAUDIA WADE,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

Case No. 11-12161

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND [4]**

Plaintiff Saudia Wade filed a complaint in Wayne County Circuit Court seeking no-fault benefits from Defendant Allstate Insurance Company ("Allstate"). Allstate removed the action to this Court on the basis that this Court has diversity jurisdiction over the matter. This matter comes before the Court on Plaintiff's motion to remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1) and § 1446(b). Defendant Allstate asserts that this Court has diversity jurisdiction, and thus Plaintiff has no basis for remand. For the reasons set forth below, Plaintiff's motion is DENIED.

**I.    Facts**

Plaintiff drove her sister's car and sustained injuries as the result of an automobile accident. Plaintiff's action seeks no-fault benefits under her sister's no-fault insurance policy with Allstate because Plaintiff was covered under her sister's insurance as a resident-relative. Both the Plaintiff and her sister are citizens of Michigan. Defendant

Allstate is a citizen of Illinois because it was incorporated in and has its principal place of business in Illinois. (Notice of Removal, 2).

Plaintiff's action against Defendant Allstate alleges a breach of contract claim based on Allstate's alleged delay or nonpayment of certain categories of no-fault benefits. (Pl.'s Br. 3). While the case was pending, Defendant filed a Notice of Removal seeking to remove Plaintiff's claim from the Wayne County Circuit Court to this Court. Plaintiff now seeks to remand this action back to the Wayne County Circuit Court, arguing that the parties are not diverse and that removal was untimely. The amount in controversy is not in dispute. (Pl.'s Br. 6; Def.'s Br. 4).

## II. Subject Matter Jurisdiction Standard

Federal courts are courts of limited jurisdiction. *Richstone v. Encompass Insurance Company*, No. 09-CV-14754-DT, 2010 WL 779057, at * 2 (E.D. Mich. Mar. 4, 2010). The removing defendants bear the burden of establishing federal subject matter jurisdiction. *Id.* To establish diversity jurisdiction, Defendant must show that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different states." 28 U.S.C. § 1332(c)(1). In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Removal statutes are strictly construed. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Any doubt should be resolved in favor of remand, and in the interest of federalism, federal jurisdiction should be exercised only when it is clearly established. *Id.*

## III. Analysis

### A. Whether Plaintiff is an "insured" under the policy.

Plaintiff relies on 28 U.S.C. § 1332(c)(1) as the basis for remand.  Section 1332(c)(1) states:

> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]

In assessing whether to remand an action for lack of subject matter jurisdiction under § 1332(c)(1), the Court must determine whether the claimant is an insured.  Plaintiff relies heavily on a recent district court decision, *Mathis v. Hartford Insurance*, 770 F.Supp. 2d 891 (E.D. Mich. 2010), where the claimant, a passenger in a car, was injured in an automobile accident and sought no-fault benefits from the driver's insurance company.  The *Mathis* court determined that subject matter jurisdiction was lacking because the insured was not a named party-defendant, and therefore the insurance company assumed the citizenship of the insured.  *Id.* at 4.  The *Mathis* court distinguished cases where the plaintiff was an insured under the policy.  *Id.*  "Here the evidence presented shows that [the unnamed policy holder/driver] was the insured, *not* the Plaintiff Theresa Mathis." *Id.* (emphasis in original).  This case is distinguishable from *Mathis* because under Allstate's policy, Plaintiff is an "insured."  Therefore § 1332(c)(1) does not apply, and the parties are diverse.

The present case is most similar to *Hough v. State Farm Insurance Company*, No. 06-10764-DT, 2006 WL 1195831 (E.D. Mich. May 3, 2006).  In *Hough*, the plaintiff-passenger was injured in a car accident where her mother was the driver.  The plaintiff filed the claim under her mother's insurance policy for no-fault benefits.  The *Hough* court  found that the

plaintiff was an "insured" under the policy. "Plaintiff's mother's policy states that an "Insured" is "you or any relative." *Id.* at *2. "'[A]pplying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity – federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.'" *Id.* (quoting *Lee-Lipstreu v. Chubb Group Insurance Companies*, 329 F.3d 898, 899-900 (6th Cir. 2003)). "Therefore, when a plaintiff is suing his or her own insurance company for no-fault benefits, there is no "direct action" and 28 U.S.C. § 1332(c)(1) does not apply." *Id.* The court found that the plaintiff was the insured pursuant to the policy as a resident relative.

Similar to *Hough*, Plaintiff here seeks no-fault benefits under Allstate's insurance policy. The insurance policy at issue here defines "Insured Persons" as "any resident relative" using the insured auto. (Def.'s Ex. A, Insurance Policy, "Insured Persons," ¶ 1, at 6). Because Plaintiff was residing with her sister and driving her sister's car at the time of the accident, Plaintiff was covered as an "Insured Person" under the policy issued to her sister.[1]

Therefore, because Plaintiff is considered an "insured" under Defendant Allstate's policy, § 1332(c)(1) does not apply. Because Plaintiff also argues that removal was untimely, the Court must now address this issue.

**B. Whether removal was timely.**

---

[1] Plaintiff acknowledged at her deposition that she lived with her sister at the time of the accident. (Def.'s Ex. I).

Because there is no dispute that the amount in controversy meets the requisite jurisdictional amount of more than $75,000.00, the remaining issue is whether removal was timely. The parties reach opposite conclusions relying on § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

At the time Plaintiff filed her complaint in August 2010, she only sought damages in "a sum greater than [$25,000]." (Compl. ¶ 14). At the time of Plaintiff's deposition, she was unsure what Attendant Care benefits were being claimed, and was therefore, unable to provide an ascertainable amount of claimed damages. Subsequently, on May 10, 2011, Plaintiff provided Defendant with an itemized list of benefits that she claimed were due and owing as a result of her injuries. Prior to this date, it was unclear what amount Plaintiff claimed was due and owing; and thus, prior to this date, Defendant could not readily ascertain the actual amount in controversy.

These facts are similar to those presented in *Richstone v. Encompass Insurance Company*, No. 09-CV-14754-DT, 2010 WL 779057 (E.D. Mich. Mar. 4, 2010). There, the

plaintiff was also seeking no-fault insurance benefits due to an automobile accident. His initial complaint alleged damages in an amount "less that $75,000," but his amended complaint pled more generally "damages in excess of $25,000." The defendant insurance company, upon receipt of information showing that the plaintiff was seeking damages in excess of $75,000, removed the case. *Id.* at *1. The plaintiff filed a motion to remand and argued that removal was untimely. The *Richstone* court disagreed and found that removal was timely because the defendant had removed the case three days after it was presented with bills in excess of the requisite jurisdictional amount. Despite the plaintiff's claim that the defendant must have known earlier that the amount would exceed $75,000, the court stated that "[t]he removal statute does not focus on Defendant's 'foresight' or its 'pending intentions,' but on the date on which it may be first ascertained, based on Plaintiff's claims, that the amount in controversy exceeds $75,000." *Id.* at *5.

Similarly, in *Pureflex, Inc. v. Semmelmeyer-Corby Company*, No. 1:01-CV-200, 2001 U.S. Dist. LEXIS 10123 (W.D. Mich. July 10, 2001), the defendant sought removal within thirty days after Plaintiff's counsel disclosed in a phone conversation that Plaintiff sought an amount in excess of $75,000; the initial pleading did not demand an amount in excess of $75,000. The court observed that "the thirty-day period under § 1446(b) is not triggered unless 'the removability of the action [is] readily ascertainable from the face of the pleading.'" *Id.* at *6. (citing *Tech Hills II v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993)). The court further observed that the pleading must be one from which "the defendant is able to intelligently ascertain the removability of the action." *Id.* at *6. *See also Foster v. Mut. Fire, Marine, & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993) (holding that "the relevant test is not what the defendant purportedly knew, but what the [initial

5

pleadings] said."); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162-63 (4th Cir. 1997) (holding that for the purposes of the first paragraph of § 1446(b), a defendant must file a notice of removal within thirty days only when the grounds for removal appear on the face of the initial pleading and that a court need not inquire into the subjective knowledge of the defendant).

Here, Plaintiff claims that Defendant had the ability to calculate the amount in controversy from the exhibits attached to her complaint and from Defendant's own records. Defendant responds by relying on the decision in *City of Albion v. Guaranty National Insurance Company*, 35 F. Supp. 2d 542, 547 (W.D. Mich. 1998). There, the district court found that removal was timely despite the defendant's affirmative outside information because "the timeliness of removal during the thirty-day period hinges only upon the information disclosed in the complaint." *Id.* at 548. The same is true here. Although Defendant may have been able to consult the documents attached to the complaint and its own records, Plaintiff's initial complaint pleaded only an amount greater than $25,000 and provided a long list of charges without clarifying what amounts were in dispute. "'[O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscure or omitted . . . that circumstance makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal . . . ." *City of Albion*, 35 F.Supp. 2d at 547 (quoting *Lovern v. General Motors Co.*, 121 F.3d 160, 162 (4th Cir. 1997)). Similar to *City of Albion*, the specific amount in controversy was omitted from Plaintiff's complaint and the information provided by Plaintiff in attachments to the initial

6

pleading did not clarify the amount in controversy. Accordingly, Defendant Allstate was not required to file its notice of removal within thirty days after Plaintiff filed her complaint.

Moreover, because this action was filed in August 2010, and the Notice of Removal was filed in May 2011, Defendant has complied with the provision in § 1446(b) that states that a matter be removed within one year of commencement in matters of diversity. Lastly, because Defendant was provided with the itemization on May 10, 2011 and filed its Notice of Removal on May 17, 2011, it is also in compliance with filing the notice within thirty (30) days after receipt of a copy of an amended pleading, motion, or other paper from which it may be first ascertained that the case is one in which is or has become removable pursuant to § 1446(b). Therefore, Defendant's Notice of Removal was timely, and Plaintiff's motion to remand is denied.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is DENIED.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: August 11, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2011, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager